# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION,<br><br>Plaintiff,<br><br>v.<br><br>COOK MYOSITE, INC.,<br><br>Defendant. | 2:22-CV-00717-CCW |

### FINAL PRETRIAL ORDER (CIVIL JURY TRIAL)

AND NOW, this 23rd day of December, 2024, the Court HEREBY ORDERS as follows:

**Final Pretrial Orders:**

1.  **Jury Selection and Trial**. Jury selection and trial are set for **April 28, 2025**, at **9:00 AM**, in Courtroom 9B, 9th Floor, Joseph F. Weis, Jr. United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania 15219. The Court has allotted no more than 8 business days for the jury selection and trial of this case.

2.  **Final Pretrial Conference**. The final pretrial conference will take place on **April 21, 2025**, at **10:00 AM** in Courtroom 9B. All lawyers who will participate in the trial must attend the conference in person. At the conference, the Court will discuss all outstanding trial issues, and counsel should be prepared to make all arguments regarding those issues at that time. Additionally, the Court will finalize the time limitations for presentation of testimony and evidence at trial.

3.  **Exchange of Witness Lists and Exhibits**.

    a.  On or before **February 17, 2025**, Plaintiff(s) shall file a pretrial narrative statement that complies with all requirements of Local Rule 16.1.C.1. Plaintiff(s) shall also file a final list of trial witnesses, listing separately (i) the witnesses it *will* call and (ii)

the witnesses it *may* call if needed (other than for impeachment). For each witness listed, Plaintiff(s) shall provide an offer of proof explaining the substance of the witness's testimony and a projection of how much time will be needed for direct examination. The offers of proof shall be no more than one (1) double-spaced page with twelve (12) point font. Plaintiff's witness list and offers of proof are due on or before **February 17, 2025**.

      b.      On or before **March 3, 2025**, Defendant(s) shall file a pretrial narrative statement that complies with all requirements of Local Rule 16.1.C.2. Defendant(s) shall also file a final list of trial witnesses, listing separately (i) the witnesses it *will* call and (ii) the witnesses it *may* call if needed (other than for impeachment). For each witness listed, Defendant(s) shall provide an offer of proof explaining the substance of the witness's testimony and a projection of how much time will be needed for direct examination. The offers of proof shall be no more than one (1) double-spaced page with twelve (12) point font. Defendant's witness list and offers of proof are due on or before **March 3, 2025**.

      c.      On or before **March 17, 2025**, counsel shall file on CM/ECF a Joint Exhibit List Chart (with columns) setting forth all plaintiff and defendant trial exhibits, by exhibit number, date, author, type of document, objection as to authenticity (if any) with response, and objection as to admissibility with response. The parties must meet and confer in a meaningful way to resolve any objections prior to submitting the Joint Exhibit List Chart. The exhibits themselves should not be filed on CM/ECF. Rather, an electronic copy of all exhibits shall be emailed to chambers at Wiegand_Chambers@pawd.uscourts.gov or hand-delivered to chambers on a CD, at the time the Exhibit List is filed.

      d.      Counsel will be jointly responsible for preparing and providing a Jurors' Exhibit Binder at the close of trial.

e. Voluminous data must be presented by summary exhibits pursuant to Fed. R. Evid. 1006, and voluminous exhibits shall be redacted to eliminate irrelevant material (which shall remain available for examination by opposing counsel). If copies of documents are offered, the originals shall be available for examination, unless waived by stipulation.

4. **Joint Designation of Discovery Excerpts to be Offered at Trial**. On or before **March 17, 2025**, the parties shall submit a joint designation of excerpts from depositions, interrogatory answers, and responses to requests for admission to be offered at trial (other than for impeachment). The parties must meet and confer in a meaningful way to resolve any objections prior to submitting the joint designation. Objections to the admissibility of any portion of a designation shall be set forth in a motion *in limine*.

5. **Motions**. On or before **January 6, 2025**, Defendant shall file its motion regarding standing, of ten double-spaced pages or less. On or before **January 17, 2025**, Plaintiff shall file its response to the standing motion, of ten double-spaced pages or less. On or before **March 17, 2025**, the parties shall file all *Daubert* motions and motions *in limine*, including motions under Fed. R. Evid. 104(a) and motions to limit or sever issues, together with proposed orders and supporting briefs. Responses shall be filed on or before **March 24, 2025**. Briefs supporting or opposing such motions are limited to five pages and must include appropriate citations to case law, rules of evidence, and rules of procedure supporting the party's position. Omnibus *motions in limine* are permissible, but the supporting portion of the brief for each *motion in limine* may not exceed 5 pages. Prior to filing any motion, the moving party must meet and confer with the non-moving party in a good-faith effort to resolve the dispute, and if the dispute is not resolved, file a

3

certificate of conferral in compliance with Local Rule 16.1.C.4. A hearing date on any *Daubert* motion may be ordered separately should such a motion be filed.

      6.    **Proposed Jury Instructions**. Counsel shall meet to agree on a joint set of proposed substantive jury instructions regarding Plaintiff's claims and their elements, any defenses and their elements, and any evidentiary or other matters particular or unique to this case; the parties need not submit "boilerplate" or standard civil jury instructions. After conferring, and on or before **March 17, 2025**, counsel shall file one combined set of proposed instructions, and email the instructions in Word format to Wiegand_Chambers@pawd.uscourts.gov. The combined set of instructions shall include both the agreed-upon instructions and the instructions to which the parties have not agreed. Each agreed-upon instruction shall include the following statement at the bottom of each instruction: "This proposed instruction is agreed-upon by the parties." Each instruction to which the parties have not agreed, shall state which party is advancing it, along with the legal authority relied upon by each party in support of and in opposition to each such instruction. Proposed instructions by different parties shall be grouped together (i.e., instruction should be matched with counter instructions). To the extent applicable, the Court will follow the Court of Appeals for the Third Circuit's Model Civil Jury Instructions. Any requests for deviation from applicable Third Circuit Model Instructions must be supported by legal authority, as should requests for the exclusion of any particular instruction.

          a.    The Court generally rules on party-proposed jury instructions at or before the Final Pretrial Conference.

      7.    **Proposed Verdict Slip**. Counsel shall meet to agree on a joint verdict slip. A joint proposed verdict slip shall be filed on or before **March 17, 2025**. If the parties, after conferring in good faith, cannot agree on a joint verdict slip, the parties shall submit their respective proposed

verdict slips on or before **March 17, 2025**. As with proposed jury instructions, the Court generally rules on the verdict slip at or before the Final Pretrial Conference.

    *8.*    **Proposed Voir Dire**. Counsel may be permitted to supplement the standard questions, provided that the proposed supplemental voir dire questions are filed with the Court on or before **March 17, 2025**.

    9.    **Joint Stipulations**. The parties shall file joint stipulations on or before **March 17, 2025**. All possible stipulations shall be made as to: (i) facts; (ii) issues to be decided; (iii) the authenticity and admissibility of exhibits; (iv) expert qualifications and reports; (v) deposition testimony to be read into the record; (vi) **a brief statement of the claims and defenses to be read to the jury to introduce the trial and to be read to the venire before jury selection**; and (vii) exhibits or other demonstratives to be used in opening statements. Counsel shall meet at a mutually convenient time and place to produce the joint stipulations in time for filing as ordered.

## Trial Procedure

    10.    **Hours**. Unless otherwise ordered, court will be in trial session Monday through Friday, 9:00 a.m. to 5:00 p.m., with appropriate breaks. All counsel are expected to be in their seats and ready to commence at the appointed times.

    11.    **Exhibits**. Because counsel will have previously marked and exchanged all exhibits and provided a copy to the Court, it will not be necessary during the trial to show exhibits to opposing counsel before using them.

    12.    **Opening and Closing Statements**. Unless ordered otherwise, up to 30 minutes is permitted to each side for opening and closing statements, depending on the complexity of the case. Counsel may use exhibits, PowerPoint presentations, or other demonstratives in openings

and closings, provided that they have been provided to opposing counsel beforehand and either agreement was reached regarding the use of those materials or the Court has ruled on the matter.

13. **Side Bars**. It is important to be considerate of the jurors' time. Side bars are disfavored because they waste the jury's time and unduly extend the length of the trial. Counsel will meet with the Court at 8:30 a.m. each day (or earlier if necessary to ensure that the trial day begins on time) to raise points of evidence or any other issues that would otherwise necessitate a side bar conference. Failure to raise the issue at that time will generally result in a disposition of the in-court objection in the presence of the jury. If necessary, counsel and the Court may amplify their objections and rulings on the record after the jury has been excused for a break, for lunch, or for the day.

   a. The Court will be available at 8:30 a.m. each morning to address such evidentiary and other issues. It is counsel's responsibility to notify other counsel of the need for such a conference at 8:30 a.m., and all other counsel will be expected to be present at the appointed time for argument. The Court will not delay the proceedings to respond to last minute requests for conferences to discuss matters that, in the exercise of reasonable diligence, could have been heard at the morning conference.

14. **Witness List**: Before the beginning of trial, counsel shall provide opposing counsel with a complete witness list. In addition, throughout the trial, counsel for each side shall provide opposing counsel and the Court, with the actual list of the next day's witnesses, by 5:00 p.m., in the order that the witnesses are expected to be called. Counsel shall ensure that that they have adequate witnesses to fill the allotted time each day.

15. **Note Taking**. The jury will be permitted to take notes.

16. **Jury Questions**. All written questions submitted by the jury are supplied to counsel. Counsel and the Court will meet to discuss and agree on a reply. In most cases, the jury is then summoned to the Courtroom and the oral reply is provided to them. A written reply is provided when appropriate.

17. **Jury Instructions**. A copy of the jury instructions will be provided to the jury to use during its deliberations.

18. **Jury Access to Exhibits**. Generally, the jury will be provided with all admitted exhibits to use during its deliberations.

19. **Use of Technology**. The parties are required to use trial presentation technology, courtroom technology, and trial exhibit summaries pursuant to Fed. R. Evid. 1006, to the fullest extent possible.

20. **Other Procedures**. The parties are directed to the Court's Chambers Practices and Procedures, which are available on the Court's website, for additional pretrial and trial procedures.

\s\ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):
All Counsel of Record