IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE UNIVERSITY OF PITTSBURGH—OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION,<br><br>      Plaintiff,<br><br>  v.<br><br>COOK MYOSITE, INC.,<br><br>      Defendant. | Civil Action No. 2:22-cv-717-CCW |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM PRESENTING TESTIMONY OR ADVANCING ARGUMENTS THAT ARE CONTRARY TO PREVAILING LAW (MIL NO. 1)**

Defendant, Cook MyoSite, Inc. ("Cook"), by and through its undersigned attorneys, respectfully submit that this Court should deny Plaintiff's Motion *In Limine* To Preclude Defendant From Presenting Testimony or Advancing Arguments that are Contrary to Prevailing Law ("MIL No. 1").

**I. UPitt Misconstrues Cook's Positions Regarding Unjust Enrichment.**

Plaintiff University of Pittsburgh—Of the Commonwealth System of Higher Education ("UPitt") alleges that "Cook cannot recover for unjust enrichment when there is a contract in place between the parties," citing the 2002 License Agreement. (ECF 374 at p. 1). UPitt's arguments misunderstand or otherwise misconstrue Cook's position.

As an initial matter, it is the 2017 Agreement (ECF 216-2) that gives rise to Cook's unjust enrichment claim. Had UPitt not entered into the 2017 Agreement, Cook would have terminated the 2002 License Agreement, (ECF 198-4) earlier than it did (and not paid UPitt under that

agreement). Cook believed UPitt would perform its obligations under the 2017 Agreement and, thus, Cook would maintain the 2002 License Agreement in consideration thereof. Because UPitt failed to fulfill its duties under the 2017 Agreement, Cook ultimately terminated the 2002 License Agreement in 2020.

UPitt fails to acknowledge that unjust enrichment is an alternative to Cook's breach of contract counterclaim. UPitt has repeatedly asserted and presently asserts that the 2017 Agreement is not a contract. (*See, e.g.*, ECF 374 at p. 2 ("This email is not a contract.")). Whether the 2017 Agreement is a contract under these circumstances is, *at minimum*, a question for the jury. *West v. IDT Corp.*, 2008 WL 762459, at *5 (D.N.J. Mar. 19, 2008) ("While in general the existence of a contract is a question of law for the Judge to decide, '[w]hen the evidence is conflicting it is for the jury to determine whether a contract does in fact exist, and, if so, what are its terms?'") (quoting *Am. Lumber & Mfg. v. Atlantic Mill & Lumber Co.*, 290 F. 632, 634 (3d Cir. 1923)); *see also id.* at *5 (denying summary judgment and explaining "factual disputes require jury determination as to whether the [document in question] was a binding contract and if so, what the terms of the contract were."). As a result, "[a]lthough Pennsylvania law bars unjust enrichment claims when a contract—express or implied—governs the parties' relationship, *the Federal Rules of Civil Procedure permit such claims to be pleaded in the alternative where, as here, the existence or applicability of a contract is in dispute*." See *Hickey v. Univ. of Pittsburgh*, 81 F.4th 301, 315-316 (3d Cir. 2023) (internal citations omitted and emphasis added); *accord Beemac, Inc. v. Republic Steel*, 2023 WL 414395, at *7 (W.D. Pa. Jan. 25, 2023).

Accordingly, Cook's unjust enrichment claim applies if the 2017 Agreement is found not to be a contract (an outcome that UPitt would ostensibly prefer). As a result, Cook's unjust enrichment claim is not contrary to law and UPitt's motion should be denied.

## II.     Cook's Breach of Contract Claim is Not Contrary to Law.

UPitt next alleges that Cook's breach of contract claim arising from the 2017 Agreement is a request for attorney's fees, which UPitt asserts is not permitted under the "American Rule" that each party is responsible for its own litigation costs. (ECF 374 at p. 2). Contrary to UPitt's assertions, Cook's damages may be awarded under a legally permissible theory and does not violate the "American Rule."

Cook is seeking standard contract damages—consequential damages that place Cook in as good a position as it would have been had UPitt complied with its contractual obligations. *See, e.g.*, *Cricket Grp., Ltd. v. Highmark, Inc.*, 2017 WL 2373656, at *7 (W.D. Pa. Mar. 31, 2017), *report and recommendation adopted*, 2017 WL 2363774 (W.D. Pa. May 31, 2017). Cook was sued for patent infringement because UPitt breached the 2017 Agreement by, at minimum, failing to correct ownership of U.S. Patent No. 8,211,423 (the "'423 patent"). Had UPitt corrected the ownership of the '423 patent (and others) consistent with its obligations to do so, *it could not have filed the present suit*. Therefore, Cook is entitled to damages for its out-of-pocket costs (including, specifically, its attorneys' fees) to defend itself.

As highlighted previously in Cook's Opposition to UPitt's Motion to Exclude Certain Opinions of Vincent A. Thomas (*See* ECF 253), at least one district court in the Third Circuit has recently endorsed this theory.[1] Specifically, in *Gentex Corp. v. Helicopter Helmet, LLC*, the parties had previously entered into a settlement agreement to resolve litigation, which included a provision that prohibited Helicopter from filing any subsequent related suits. Civ No. 4:17-cv-01136, 2021 WL 1391788, at *1 (M.D. Pa., April 13, 2021). Helicopter then breached the settlement agreement

---

[1] UPitt's assertion that it has "repeatedly asked Cook for cases that support the legal legitimacy of its claims—to no avail," apparently ignores Cook's previous briefing on this exact issue. As a result, UPitt's failure to address the merits of this issue betrays the weakness of its position.

by filing two more lawsuits. *Id.* As a result, Gentex was permitted to seek the fees it incurred in defending itself against the lawsuits that constituted a breach of the parties' prior agreement. *See Id.* at *6-7. The instant dispute aligns directly with the situation presented in *Gentex*. Cook is not seeking all of its attorneys' fees and is not seeking, as consequential damages, any additional fees and expenses incurred in asserting its breach of contract counterclaim or other counterclaims. Instead, Cook is seeking the portion of its attorneys' fees and expenses attributable to defending against UPitt's infringement allegations—the consequential damages arising from UPitt's breach of the 2017 Agreement. As a result, Cook's breach of contract claim is not contrary to law and UPitt's motion should be denied.

### III.  CONCLUSION

For the foregoing reasons, Cook respectfully requests that the Court deny UPitt's Motion *In Limine* to Preclude Defendant from Presenting Testimony or Advancing Arguments that are Contrary to Prevailing Law ("MIL No. 1").

Respectfully submitted,

Date: March 24, 2025

/s/ Andrew M. McCoy
R. Trevor Carter [IN 18562-49] *pro hac vice*
Andrew M. McCoy [IN 28297-49] *pro hac vice*
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian St., Suite 2500
Indianapolis, IN  46204
(317) 237-0300
trevor.carter@faegredrinker.com
andrew.mccoy@faegredrinker.com

Alison J. Baldwin [IL 6271901] *pro hac vice*
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL  60606-5707
(312) 569-1000
alison.baldwin@faegredrinker.com

Andrea I. Savageau [MN 0399904] *pro hac vice*

4

Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN  55402
(612) 766-7000
andrea.savageau@faegredrinker.com

Kevin M. Eddy [PA 92904]
Blank Rome LLP
501 Grant St., Suite 850
Pittsburgh, PA 15219
(412) 932-2757
kevin.eddy@blankrome.com

*Attorneys for Defendant/Counterclaimant Cook Myosite, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the below counsel of record this 24th day of March, 2025, via the ECF filing system.

Alison Siedor
Madeline Bordynoski
Goodwin Procter LLP
1900 N Street, N.W.
Washington, DC  20036
asiedor@goodwinlaw.com
mbordynoski@goodwinlaw.com

Huiya Wu
Olubukola Ayetiwa
Jeremy Knight
Grace Truong
Goodwin Procter LLP
620 Eighth Avenue
New York, NY  10018
hwu@goodwinlaw.com
oayetiwa@goodwinlaw.com
jknight@goodwinlaw.com
gtruong@goodwinlaw.com

Colin Callahan
Flannery Georgalis, LLC
436 Seventh Avenue
Koppers Building, Suite 2100
Pittsburgh, PA  15219
ccallahan@flannerygeorgalis.com

                              */s/ Andrew M. McCoy*